## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY WISNAUSKI,**<br>**#R27853,** | |
| **Plaintiff,** | **Case No. 23-cv-02261-SPM** |
| **v.** | |
| **ROB JEFFREYS,**<br>**TRAVIS BAYLER,**<br>**DR. MYERS,**<br>**C HALE,**<br>**M LIVELY, and**<br>**JOHN/JANE DOE 1,** | |
| **Defendants.** | |

## <u>MEMORANDUM AND ORDER</u>

**MCGLYNN, District Judge:**

Plaintiff Timothy Wisnauski, an inmate of the Illinois Department of Corrections ("IDOC"), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Pinckneyville Correctional Center ("Pinckneyville"). The Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE COMPLAINT

Plaintiff alleges that while at Pinckneyville, he was denied adequate medical care regarding a knee injury and was subjected to retaliation.

Page 1 of 10

## I.      Medical Care

On November 11, 2021, he was seen by Dr. Myers regarding lab results. (Doc. 1, p. 3-4). At the appointment, Plaintiff attempted to inform Myers about his medical permits for a knee injury. Myers told Plaintiff that he did not care about his medical permit because Pinckneyville was a disciplinary facility. Myers refused to review Plaintiff's need for medical permits for his knee and took Plaintiff's knee brace for no reason. (*Id.*)

On December 5, 2021, Plaintiff filed an emergency grievance about his appointment with Myers, the denial of medical permits, and the confiscation of his knee brace. (Doc. 1, p. 4). The grievance was denied. Grievance Officer Hale responded to the grievance stating that "MD Myers explained to him he did not meet the criteria outlined by MD Myers as the Medical Director and medically he did not need a low bunk." Hale, however, failed to address Plaintiff's need for his knee brace. (*Id.*).

Plaintiff appealed the grievance to the Administrative Review Board. (Doc. 1, p. 4). Rob Jeffreys and Travis Bayler denied the appeal without a hearing or review of relating evidence and medical records to support their denial. (*Id.*).

## II.      Retaliation

On February 27, 2023, Plaintiff was attacked in the commissary and had to defend himself. (Doc. 1, p. 5). He was subsequently placed under investigation and charged with several disciplinary infractions, including "fighting" and "security threat group." He was placed in segregation for around seven days. (*Id.*). He also was punished with loss of contact visits, commissary usage, school good time, and his ability to transfer to a lower security facility.

On April 24, 0223, Plaintiff filed a grievance seeking the "charge of 205" expunged from his disciplinary record and requested to "renounce any claimed affiliation and be recognized as only an individual." (Doc. 1, p. 5). On May 1, 2023, Correctional Counselor Lively retaliated

against Plaintiff for his participation in the grievance system and denied the grievance without any kind of adequate review or supporting evidence.

## PRELIMINARY DISMISSAL

The Court first dismisses all claims against John or Jane Doe. Plaintiff describes these unidentified defendants as "administrative officials at the Pinckneyville Correctional Center." (Doc. 1, p. 2). Plaintiff does not assert any allegations against unknown administrative officials in the body of the Complaint. While Plaintiff may use "John Doe" or "Jane Doe" to refer to parties whose names are unknown, he must still follow Federal Rule of Civil Procedure 8 pleading standards and include a short, plain statement of the case against that individual. He does not describe the unknown defendants or identify particular acts or omissions by any specific individuals who allegedly violated his constitutional rights. Thus, John and Jane Doe are dismissed without prejudice.

## DISCUSSION

Based on the allegations of the Complaint, the Court finds it convenient to designate the following Counts:

> **Count 1:** Eighth Amendment claim against Myers for deliberate indifference to a serious medical need by denying Plaintiff the use of a knee brace and failing to issue certain medical permits.

> **Count 2:** Eighth Amendment claim against Hale, Jeffreys, and Bayler for failing to take action to correct the inadequate medical care provided by Myers.

> **Count 3:** Fourteenth Amendment due process claim against Hale, Jeffreys, and Bayler for the mishandling of Plaintiff's grievance.

> **Count 4:** First Amendment claim against Lively for retaliating against Plaintiff for participation in the grievance system.

> **Count 5:** Eighth Amendment claim against Lively for cruel and unusual punishment.

**Count 6:**     Fourteenth Amendment [1] due process claim against Lively for failing to provide Plaintiff an adequate hearing in response to Plaintiff's grievance.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

## Count 1

The Eighth Amendment prohibits the deliberate indifference to a prisoner's "serious medical needs," as deliberate indifference "constitutes the unnecessary and wanton infliction of pain forbidden by the Constitution." *Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816, 828 (7th Cir. 2009) (internal quotations omitted). To state such a claim, a prisoner must plead facts and allegations suggesting that (1) he suffered from an objectively serious medical condition, and (2) the defendant acted or failed to act with deliberate indifference to the risk of harm from that condition. *Id.; see also Farmer v. Brennan*, 511 U.S. 825, 842 (1994). The Eighth Amendment does not give prisoners entitlement to "demand specific care" or "the best care possible," but only requires "reasonable measures to meet a substantial risk of serious harm." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Medical negligence or even malpractice does not violate the Constitution. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976); *Duckworth v. Ahmad,* 532 F.3d 675, 679 (7th Cir. 2008); *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001).

As pled, Count 1 is dismissed. Plaintiff's allegations are too sparse to state an actionable Eighth Amendment claim against Defendant Myers. First, Plaintiff has not sufficiently pled that

---

[1] Plaintiff states that he is bringing his denial of due process claim against Lively under the Fifth and Fourteenth Amendments. (Doc. 1, p. 6-7). The Fifth Amendment supplies the guarantee of procedural due process to a federal inmate, and so, the Court will analyze Plaintiff's procedural due process claims under the Fourteenth Amendment. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002).
[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

he suffered from an objectively serious medical condition. The Seventh Circuit has held that "not every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F. 3d 1364, 1372 (7th Cir. 1997). An objectively serious medical need is one that has been diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the need for a doctor's attention. *Cesal v. Moats,* 851 F. 3d 714, 721 (7th Cir. 2017). In the Complaint, Plaintiff describes his condition as a "knee injury." He does not provide a diagnosis or description of the injury or symptoms. Without more detail, Plaintiff has not established that he suffered from a serious medical condition. Further, because the extent of his condition is unknown, Plaintiff has failed to plead that Myers disregarded a serious risk to his health by denying him a knee brace and medical permits. For these reasons, Count 1 is dismissed without prejudice.

### Counts 2 and 3

Plaintiff attempts to hold Jeffreys, Bayless, and Myers liable for the inadequate treatment he received because they did not properly investigate and review his grievances. They also failed to "take actions to curb the known pattern" of conduct by Myers to fail to provide adequate medical care to him. The mishandling or denying of a grievance, however, by those who did not participate in the underlying conduct does not state a claim. *See Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). A prison official who has no involvement in a matter, other than denying a grievance that was filed to complain about the completed misconduct of another party, does not incur liability merely by handling the grievance. Therefore, Count 2 dismissed not only because Plaintiff has failed to plead that he suffers from a serious medical condition and deliberate indifference as discussed in Count 1, but also because there are no allegations to suggest that the grievance officials were personally involved in Plaintiff's medical treatment.

Count 3 is also dismissed. Plaintiff asserts that in reviewing his grievance, Hale failed to

Page 5 of 10

address his complaints regarding his knee brace, and Jeffreys and Bayler did not conduct a hearing or review evidence related to his complaints. These allegations do not state a Fourteenth Amendment due process claim. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). In fact, the Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, in and of itself, violate the Constitution. *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982).

### Count 4

To state a claim for retaliation, a plaintiff must plead that (1) he engaged in First Amendment activity; (2) he experienced an adverse action that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert,* 557 F.3d 541, 551 (7th Cir. 2009). "A complaint states a claim for retaliation when it sets forth 'a chronology of events from which retaliation may plausibly be inferred.'" *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (citation omitted). It is not sufficient for a plaintiff's claims to "rest on mere labels, conclusions, or a formulaic recitation of the elements of a cause of action." *Twombly,* 550 U.S. at 555.

Plaintiff's assertion that Lively retaliated against him for participating in the grievance system by denying his grievance regarding expungement of a disciplinary charge is conclusory and devoid of any facts supporting his belief that the conduct was retaliatory. Because there is nothing in the Complaint to suggest that Lively was motivated by Plaintiff's protected activity, Count 4 is dismissed without prejudice.

**Count 5**

Lively's denial of Plaintiff's grievance also does not amount to cruel and unusual punishment. Plaintiff claims that because Lively did not grant his grievance, he was not given a rehearing on the disciplinary charge and suffered undue punishment in the form of loss of visitation, good time, commissary rights, and the ability to transfer. However, the act of denying a grievance, is not the type of conduct the rises to the level of extreme harassment that is required to violate the Eighth Amendment. *See Dobbey v. Ill. Dep't of Corr.,* 574 F. 3d 443, 446 (7th Cir. 2009) ("harassment, while regrettable, is not what comes to mind when one thinks of 'cruel and unusual' punishment"). Count 5 is dismissed.

**Count 6**

Plaintiff states that Lively violated his due process rights by failing to provide him an adequate hearing on his request to expunge the disciplinary charge when reviewing his grievance. However, as discussed in Count 3, inmate grievance procedures are not a liberty interest protected by the Due Process Clause.

Furthermore, Plaintiff does not bring claims against the individuals involved in the underlying disciplinary hearing and due process does not require multiple levels of review. *See Wolff v. McDonnell,* 418 U.S. 539 (1974) (discussing the requirements of due process in the context of a prisoner disciplinary proceeding); *Guentchev v. I.N.S.,* 77 F. 3d 1036, 1037 (7th Cir. 1996) ("even litigants in the federal courts are not constitutionally entitled to multiple layers of review"). Accordingly, Count 6 is dismissed.

**LEAVE TO AMEND**

As all of Plaintiff's claims are dismissed, the Complaint does not survive preliminary review pursuant to Section 1915A. The Court notes that not only has Plaintiff failed to state a claim for relief, but by bringing unrelated claims against different defendants in the same lawsuit, he has

Page 7 of 10

violated the rules of joinder. *See* FED. R. CIV. P. 18-21. Plaintiff will be given an opportunity to replead his claims in an amended complaint, however, he is advised that he may pursue only related claims against a single group of defendants in this case and must file separate lawsuits to pursue his other claims.

### TEMPORARY RESTRAINING ORDER

Plaintiff has filed a motion for a temporary restraining order. (Doc. 9). He states that after filing the Complaint Defendants have initiated acts of retaliation against him. He has been placed in restrictive housing and his personal property was confiscated. Plaintiff asserts he is being served half the amount of food served to those in general population and subjected sexual harassment as he is forced to be stripped searched five times a week. He claims his cell is invested with bugs and he is being exposed to environmental smoke due to the high level of drugs.

In order to obtain preliminary injunctive relief through a temporary restraining order ("TRO"), a plaintiff must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) he will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). A TRO is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). Additionally, "a preliminary injunction is appropriate only if it seeks relief of the same character sought in the underlying suit and deals with a matter presented in that underlying suit." *Daniels v. Dumsdorff*, No. 19-cv-00394, 2019 WL 3322344 at *1 (S.D. Ill. July 24, 2019) (quoting *Hallows v. Madison Cty. Jail*, No. 18-cv-881-JPG, 2018 WL 2118082, at *6 (S.D. Ill. May 8, 2018) (internal citations omitted)). *See also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Bird v. Barr,* 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020) (noting that a court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the

litigation").

The Court has found that the Complaint, as currently drafted, fails to state a claim, which makes it impossible for Plaintiff to prove that he is likely to succeed on the merits of his claim. Additionally, even if the Complaint had survived preliminary review, the motion for a TRO deals with matters outside the allegations of the Complaint. The motion contains completely new claims of retaliation and unconstitutional conditions of confinement against unidentified individuals. Because Plaintiff has failed to meet the requirements for the issuance of a TRO, the motion is **DENIED.**

### DISPOSITION

For the reasons stated above, the Complaint is **DISMISSED** without prejudice for failure to state a claim under 28 U.S.C. §1915A. The motion for temporary restraining order is **DENIED.** (Doc. 9).

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **August 18, 2023.** Should Plaintiff fail to file a First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to state claim, failure to comply with a court order, and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District. He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 23-cv-02261-SPM). To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail him a blank civil rights complaint form.

An amended complaint generally supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.

Page 9 of 10

1 (7th Cir. 2004). The First Amended Complaint must stand on its own without reference to any previous pleading. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and the opposing parties informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   July 21, 2023**

 *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**