IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TIMOTHY WISNAUSKI, #R27853,<br><br>    Plaintiff,<br><br>v.<br><br>WARDEN DAVID MITCHELL, DR. MYERS, and MEDICAL DIRECTOR CHRISTINE BROWN,<br><br>    Defendants. | Case No. 23-cv-02261-SPM |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

  Plaintiff Timothy Wisnauski, an inmate of the Illinois Department of Corrections (IDOC), filed the instant lawsuit pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred at Pinckneyville Correctional Center (Pinckneyville). The First Amended Complaint is now before the Court for review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, meritless, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the pro se complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### THE FIRST AMENDED COMPLAINT

  Plaintiff alleges that prior to his incarceration, he broke his left leg in 2016. (Doc. 1, p. 7). His injury was untreated for two weeks and as a result, he had to have two surgeries. At some

point, he was issued a knee brace to help with stability, swelling, and pain. After entering IDOC custody, Plaintiff was given medical permits that allowed him to have a knee brace and to be housed in a low gallery cell and assigned to a lower bunk bed (low bunk/low gallery permit). Once he was transferred to Pinckneyville, the permits were no longer honored. (*Id.*).

On September 18, 2021, he had an appointment with Nurse Christine Brown.[1] (Doc. 13, p. 6). Plaintiff explained his need for a low bunk/low gallery permit and knee braces. He showed her his medical file, which contains details of all "issues causing the need" for the requested permits. Brown did not conduct any kind of exam and said that Plaintiff did not need the permit or the braces. Plaintiff asked to see the doctor, and Brown told him to submit a sick call request. Plaintiff responded, "that is what I did." Brown said, "If you don't like the service, don't come to jail." (*Id.*).

On November 11, 2021, Plaintiff was seen by Dr. Myers to discuss lab results from blood work. (Doc. 13, p. 6). At the appointment, Dr. Myers asked Plaintiff why he was limping. Plaintiff told Dr. Myers that he had fallen trying to crawl down from his top bunk. Plaintiff stated that he is almost 300 pounds and has a steel plate and many screws in his left leg and needs a low bunk/low gallery permit. He also requested knee braces. Plaintiff rolled up the legs of his pants to show Dr. Myers bruising and extremely swollen knees. Dr. Myers responded that he did not care about Plaintiff's legs and would not talk about it. Dr. Myers said that he would not give Plaintiff a low bunk/low gallery permit or give Plaintiff knee braces, even though the medical file records that Plaintiff had an order for knee braces that was "valid until 2022."

### PRELIMINARY DISMISSAL

The Court first dismisses all claims against Warden David Mitchell. Plaintiff attempts to

---

[1] Plaintiff states that Christine Brown is now the medical director at Pinckneyville Correctional Center and the Murphysboro facility, but she was not at the time of their interaction. (Doc. 13, p. 2, 6).

attribute liability to Mitchell because he is the chief administrative officer and responsible for the overall operation of the facility, the supervision and protection of individuals in custody, the supervision of staff members, and compliance with internal directives and rules. (Doc. 1, p. 7). These allegations to not state a claim. "Liability under § 1983 is direct rather than vicarious; supervisors are responsible for their own acts but not for those of subordinates, or for failing to ensure that subordinates carry out their tasks correctly." *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). Because there is no supervisory liability under Section 1983, and there are no allegations from which the Court can infer that Mitchell was personally involved in the alleged constitutional deprivations, the claims against Mitchell are dismissed without prejudice.

### DISCUSSION

Based on the allegations of the First Amended Complaint, the Court finds it convenient to designate the following Count:

> **Count 1:** Eighth Amendment claim against Brown and Myers for deliberate indifference to Plaintiff's serious medical need by failing to issue and/or honor his medical permits for knee braces and a low bunk/low gallery assignment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

At this point, Plaintiff has stated a claim against Brown and Myers for failing to provide Plaintiff constitutionally adequate care for his knee injuries, and Count 1 will proceed. *See Knox v. Butler,* 2017 WL 476925, at *6 (S.D. Ill. Feb. 6, 2017) (allowing the plaintiff to proceed on an Eighth Amendment claim where the defendants disregarded the plaintiff's permits for a knee brace

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

and low bunk and low gallery permits) (citations omitted).

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion seeking court recruited counsel (Doc. 17), which is **DENIED.**[3] Along with his motion, Plaintiff has included a list of eight attorneys he has contacted and letters from two firms declining representation. Accordingly, he appears to have made reasonable efforts to retain counsel on his own. With respect to his ability to pursue this action pro se, Plaintiff states that he is not a qualified civil litigator and "may lose [his] argument by not knowing what [he is] doing." Plaintiff's limited knowledge of the law, however, is not unique to him as a pro se litigant and does not necessarily warrant recruitment of counsel at this time. Plaintiff has already prepared a First Amended Complaint that survived screening and has demonstrated an ability to construct coherent sentences and relay information to the Court. He also states he has some college education. This straightforward case is currently proceeding on a single claim and given the early stage of litigation, it is difficult to accurately evaluate the need for assistance of counsel. Should his situation change as the case proceeds, Plaintiff may file another motion setting forth all facts that support his request for relief.

## DISPOSITION

For the reasons stated above, the First Amended Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Brown and Myers. All claims against Mitchell are **DISMISSED without prejudice.** The Clerk of Court is directed to terminate Mitchell as a defendant.

Because Plaintiff's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and

---

[3] In evaluating Plaintiff's motion, the Court applies the factors discussed in *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) and related authority.

Accountability Act.

The Clerk of Court **SHALL** prepare for **Brown** and **Myers** the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to defendants' place of employment. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendants should respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of

prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:   March 21, 2024**

                                                    *s/Stephen P. McGlynn*
                                            **STEPHEN P. MCGLYNN**
                                            **United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.