## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TIMOTHY WISNAUSKI,**<br>**#R27853,** | |
| **Plaintiff,** | **Case No. 23-cv-02261-SPM** |
| **v.** | |
| **DR. PERCY MYERS, and**<br>**CHRISTINE BROWN,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Pending before the Court is a motion for summary judgment on the issue of failure to exhaust administrative remedies filed by Defendant Christine Brown. (Doc. 35). Plaintiff Timothy Wisnauski filed a response in opposition. (Doc. 40). For the following reasons, the motion for summary judgment is denied at this time.

### BACKGROUND

Plaintiff Timothy Wisnauski, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Hill Correctional Center, initiated this action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while at Pinckneyville Correctional Center ("Pinckneyville"). (Doc. 1, 13). Plaintiff alleges that prior to his transfer to Pinckneyville, because of a previous injury, he received medical permits to be housed in a cell on a lower gallery and assigned to a low bunk bed and knee braces. (Doc. 13, p. 6-7). Once Plaintiff was transferred to Pinckneyville, the permits were no longer honored, and he was not

issued knee braces. (*Id.*). Plaintiff claims that on September 18, 2021, he had an appointment with Nurse Christine Brown, during which he explained his need for a low bunk/low gallery permit and knee braces. (*Id.* at p. 6). Despite showing her his medical file, Brown did not conduct a medical evaluation and told Plaintiff that he did not need the permit nor the knee brace. (*Id.*).

On November 11, 2021, Plaintiff was seen by Dr. Myers to discuss his blood work results. (Doc. 13, p. 6). While with Dr. Myers, Plaintiff brought up his fall when attempting to crawl down from his top bunk bed, which occurred because of Plaintiff's previous leg injury. Plaintiff showed Dr. Myers his bruised and swollen knees and requested a low bunk/low gallery permit and knee braces. Dr. Myers stated that he would only discuss Plaintiff's blood work and would not give Plaintiff a low bunk/low gallery permit nor knee braces. (*Id.*).

After the Court review of the First Amended Complaint, Plaintiff is proceeding with the following claim.

> **Count 1:** Eighth Amendment claim against Defendants Brown and Myers for deliberate indifference to Plaintiff's serious medical need by failing to issue and/or honor his medical permits for knee braces and a low bunk/low gallery assignment.

(Doc. 18).

On October 11, 2024, Defendant Brown filed a motion for summary judgment arguing that Plaintiff failed to exhaust his administrative remedies prior to initiating this suit, as is required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. 1997e(a). (Doc. 35).[1] Brown argues that the administrative procedures at

---

[1] Defendant Myers did not raise failure to exhaust as an affirmative defense and did not file a motion for summary judgment on the issue of exhaustion. (*See* Doc. 26).

Pinckneyville were available and known to Plaintiff.  Specifically, Brown argues that the October 14, 2021 grievance, the only grievance relevant to Plaintiff's allegations of deliberate indifference against her, cannot serve to exhaust Plaintiff's claim because Plaintiff did not appeal his grievance to the IDOC Director as the Administrative Review Board and did not properly name or describe Brown. Because Plaintiff bypassed the grievance process and filed this lawsuit before fully exhausting, his claim should be dismissed.

In response, Plaintiff argues that he could not name Brown in his October 14, 2021 grievance because Brown did not wear an identifying badge and refused to provide Plaintiff with her name during his appointment with her on September 18, 2021. (Doc. 40, p. 2). Plaintiff only became aware of Brown's name once she was promoted to Pinckneyville's Medical Director. (*Id*). Plaintiff asserts that on November 23, 2021, he mailed the appeal for the October 14, 2021 grievance to the Director, Rob Jeffreys. (*Id*.). Plaintiff states that Jeffreys stepped down from his position as Director in April 2023 without ever responding to Plaintiff's appeal. Because Plaintiff "did everything within [his] power," Plaintiff argues that he did not fail to exhaust his administrative remedies and the motion for summary judgment should be denied. (Doc. 40, p. 3).

## LEGAL STANDARDS

### I. Summary Judgment

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477

U.S. 317, 322 (1986). Any doubt about the existence of a genuine issue must be resolved in favor of the nonmoving party. *Lawrence v. Kenosha Cty.*, 391 F.3d 837, 841 (7th Cir. 2004). The moving party is entitled to judgment as a matter of law when the pleadings, answers to interrogatories, depositions, and admissions, along with affidavits, show that there is no genuine issue of material fact. FED. R. CIV. P. 56(c).

Courts generally cannot resolve factual disputes on a motion for summary judgment. *See Tolan v. Cotton*, 572 U.S. 650, 656 (2014) ("[A] judge's function at summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.") (internal quotation marks and citation omitted). However, when the motion for summary judgment pertains to a prisoner's failure to exhaust administrative remedies, the Seventh Circuit has instructed courts to conduct an evidentiary hearing and resolve contested issues of fact regarding a prisoner's efforts to exhaust. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008);[2] *Roberts v. Neal,* 745 F. 3d 232, 236 (7th Cir. 2014). Where there is no disputed issue of fact, a hearing is not necessary.

## II. Exhaustion of Administrative Remedies

Lawsuits filed by inmates are governed by the provisions of the PLRA. 42 U.S.C. § 1997e(a). The PLRA states, in pertinent part, that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." *Id.* The Seventh Circuit

---

[2] The Court's ability to conduct *Pavey* hearings for evidentiary disputes on exhaustion was altered slightly by the Supreme Court's holding in *Perttu v. Richards*, 605 U.S. ____, 145 S.Ct. 1793 (June 18, 2025) (holding that if a factual dispute on exhaustion is intertwined with a factual dispute that goes to the merits of the underlying substantive claim, then a jury trial is required on the intertwined issue(s)). In the present case, there is no *Perttu* intertwinement issue.

requires strict adherence to the PLRA's exhaustion requirement. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006) (noting that "[t]his circuit has taken a strict compliance approach to exhaustion"). Exhaustion of available administrative remedies must occur before the suit is filed. *Ford v. Johnson,* 362 F.3d 395, 398 (7th Cir. 2004).

### III. Grievance Procedures

The grievance procedure for IDOC inmates is laid out in the Illinois Administrative Code ("grievance procedures"). 20 ILL. ADMIN. CODE § 504.800, *et seq*. If the inmate's grievance does not involve an emergency, the inmate must first file a grievance with the counselor within 60 days of the discovery of an incident. *Id.* at § 504.810(a). The grievance form must contain factual details regarding what happened, when, where, and the name of each person who is involved in the complaint. *Id.* at 504.810(c). When the name of an individual is unknown, the inmate must include as much descriptive information about the person as possible. *Id.*

Grievances that are unable to be resolved through the counselor are then sent to the grievance officer. *Id.* at § 504.820(a). "The Grievance Officer shall consider the grievance and report his or her findings and recommendations in writing to the Chief Administrative Officer ("CAO") within two months after receipt of the grievance, when reasonably feasible under the circumstances." *Id.* at § 504.830(e). The CAO then reviews the findings and recommendation of the grievance officer and advises the offender of his or her decision in writing. *Id.* If the inmate is not satisfied with the response from the CAO, he can file an appeal the decision to IDOC Director at the

Administrative Review Board ("ARB") within 30 days of the decision. *Id.* at §
504.850(a).

ANALYSIS

The parties agree that relevant to the deliberate indifference claim in this case
is Grievance #3393-10-21, dated October 14, 2021. (Doc. 35-2). Defendant Brown
argues that this grievance cannot serve to exhaust Plaintiff's deliberate indifference
claim because Plaintiff did not properly name Brown in the grievance and because
Plaintiff did not appeal his grievance to the ARB. (Doc. 35, p. 7). Brown claims that
Plaintiff had available remedies that he did not utilize in attempting to exhaust his
allegations in Count 1. *See* 42 U.S.C. § 1997e(a).

The Court finds the argument that the October 14, 2021 grievance cannot serve
to fully exhaust Plaintiff's claim because it does not clearly identify Brown by name
or description not well taken. Indeed, Plaintiff did not name Brown in his grievance
nor his original Complaint, filed on June 29, 2023. However, Plaintiff explains he
could not name Brown because she wore "no identifying badges or name tag" and
"refused to identify herself." (Doc. 35-2, p. 1); (Doc. 40, p. 2). The fact that Brown is
not identified by name in the grievance is not "fatal to the issue of exhaustion." *See*
*Arce v. Wexford Health Services*, No. 18-cv-1348-SMY-GCS, 2019 WL 6702692, at *5
(Oct. 9, 2019). The grievance procedures instruct an inmate to name or at least
describe, "each person who is the subject of or who is otherwise involved in the
complaint," 20 ILL. ADMIN. CODE §504.810(c), which is what Plaintiff did. In the
grievance, Plaintiff describes his interaction with a female "person from medical" on
September 18, 2021, who was rude and interrupted him as he attempted to explain

Page 6 of 9

his need for "medical permits" and medical care for his "leg and foot." (Doc. 35-2, p. 3-4). For relief, he requests a low bunk/low gallery permit, knee braces, and pain management medication, and he states that since arriving at Pinckneyville he has injured himself climbing in and out of the top bunk bed. (*Id.* at p. 4). Based on this information, Plaintiff provided enough details to alert prison officials about his dispute with medical staff and that he believed he was not being provided proper medical care for his knee/leg/foot issues. Thus, the October 14, 2021 grievance meets the content requirements of the grievance procedures.

Although the October 14, 2021 grievance provided sufficient notice of the nature of Plaintiff's claim against Brown, the Court finds that a disputed issue of fact remains regarding whether the grievance process was available to Plaintiff in his attempt to fully exhaust the October 14, 2021 grievance. An inmate "must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 578 U.S. 632, 642 (2016); *Wallace v. Baldwin*, 55 F.4th 535, 542-44 (7th Cir. 2022). And, "an administrative scheme can be 'unavailable' to a prisoner when a prison fails to respond to a prisoner's grievance," *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020), as is alleged here by Plaintiff.

Brown argues that the October 14, 2021 grievance was fully reviewed at the institutional level but that Plaintiff failed to appeal the grievance to the Director at the ARB. (Doc. 35). Grievance records indicate that the grievance was returned to Plaintiff on November 24, 2021 (Doc. 35-2, p. 10), but there is no record of the grievance being received and reviewed by the ARB (*see* Doc. 35-1, p. 1). Plaintiff contends that he received a copy of his grievance signed by the CAO on November 22,

2021, not November 24, 2021. (Doc. 40, p. 2). He signed and dated his grievance, made copies, and mailed his appeal to the ARB using prepaid postage on November 23, 2021. (Doc. 40, p. 2, 6, 7). Plaintiff does not provide a copy of his prepaid postage receipt, but he has provided a copy of the grievance officer's report signed by the CAO with the bottom portion "Offender's Appeal to the Director" signed and dated "11/23/2021." (*Id.* at p. 7). Plaintiff claims that once mailed to the ARB the October 14, 2021 grievance was never returned to him, and he never received a response from the Director. (*Id.* at p. 2). Plaintiff alleges in his sworn affidavit that he had fully exhausted his administrative remedies at the time he filed the Complaint, as he completed "all required steps of the grievance process." (Doc. 40, p. 6). Given the conflicting evidence, the Court cannot say as a matter of law that Brown has met her burden of demonstrating that Plaintiff had available remedies that he did not utilize in attempting to exhaust his claim in Count 1. Because there is a factual dispute as to whether Plaintiff fully exhausted Grievance #3393-10-21, dated October 14, 2021, prior to initiating this action, this matter will be set for a hearing in accordance with *Pavey*, 544 F.3d at 742 .

If Brown would like to pursue this affirmative defense for failure to exhaust administrative remedies any further at this point, she must request a *Pavey* hearing within fourteen days. If a hearing is requested, the issues the Court will consider are limited to whether Plaintiff abided by grievance procedures in appealing the October 14, 2021 grievance and whether the grievance went unanswered rendering the grievance process unavailable to him. The parties will be expected to present evidence only on these issues, if a *Pavey* hearing is held. If Brown does not request a *Pavey*

hearing, the Court will enter a new scheduling and discovery order lifting the stay on merits discovery, or the parties may request that the case be referred for a settlement conference or mediation.

### DISPOSITION

The motion for summary judgment on the issue of exhaustion of administrative remedies filed by Defendant Brown is **DENIED**. (Doc. 35). Defendant Brown must file a notice within fourteen days (14) of this Order either withdrawing the affirmative defense of exhaustion or requesting a *Pavey* hearing. **Failure to file a notice by this deadline and in compliance with this Order will result in a waiver of this affirmative defense.**

IT IS SO ORDERED.

DATED:   July 17, 2025

_s/Stephen P. McGlynn_
**STEPHEN P. MCGLYNN**
**United States District Judge**